# EXHIBIT 1

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
04/09/2025
CT Log Number 548844402

## Service of Process Transmittal Summary

**TO:** Michelle Konieczki
Safeway Inc.
5858 STONERIDGE MALL RD
PLEASANTON, CA 94588-3231

**RE:** **Process Served in California**

**FOR:** Albertson's LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: REYES ALVAREZ, as an individual and on behalf of others similarly situated // To: Albertson's LLC |
| **CASE #:** | 30202501471926CUOECXC |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/09/2025 at 09:21 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/09/2025, Expected Purge Date: 04/14/2025<br><br>Image SOP<br><br>Email Notification, Michelle Konieczki michelle.konieczki@albertsons.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Apr 9, 2025
**Server Name:** SONIC LEGAL SERVICES

| | |
|---|---|
| Entity Served | ALBERTSON'S LLC, |
| Case Number | 30-2025-01471926-CU-OE-CXC |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |

Electronically Filed by Superior Court of California, County of Orange, 04/03/2025 01:56:00 PM.
30-2025-01471926-CU-OE-CXC - ROA # 7 - DAVID H. YAMASAKI, Clerk of the Court By O. Lopez, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
ALBERTSON'S LLC, a Delaware corporation; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
REYES ALVAREZ, as an individual and on behalf of others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov)*, en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Orange - Civil Complex Center
751 West Santa Ana Blvd, Santa Ana, CA 92701

CASE NUMBER:
*(Número del Caso):*
30-2025-01471926-CU-OE-CXC

Judge Layne H. Melzer

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christina A. Humphrey, 1117 State Street, Santa Barbara, CA 93101, (805) 618-2924

DATE: *(Fecha)* 04/03/2025 DAVID H. YAMASAKI, Clerk of the Court
Clerk, by *(Secretario)* O. Lopez, Deputy *(Adjunto)*
O. Lopez

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: ALBERTSON'S LLC, a Delaware corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:





SONIC LEGAL SERVICES
20230016443
2025/04/09 09:21:33

Electronically Filed by Superior Court of California, County of Orange, 04/01/2025 09:29:51 PM.
30-2025-01471926-CU-OE-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By G. Ramirez, Deputy Clerk.

**CHRISTINA HUMPHREY LAW, P.C.**
Christina A. Humphrey (SBN 226326)
1117 State Street,
Santa Barbara, CA 93101
Telephone: (805) 618-2924
Facsimile: (805) 618-2939
Email: christina@chumphreylaw.com

Attorneys for Plaintiff, Reyes Alvarez

Assigned for All Purposes
Judge Layne H. Melzer
CX-102

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF ORANGE**

REYES ALVAREZ, as an individual and on behalf of others similarly situated,

Plaintiff,

vs.

ALBERTSON'S LLC, a Delaware corporation; and DOES 1 through 100, inclusive,

Defendants.

**CASE NO.** 30-2025-01471926-CU-OE-CXC

**CLASS ACTION COMPLAINT FOR:**

1. **FAILURE TO PAY MINIMUM WAGES**
2. **FAILURE TO PAY OVERTIME**
3. **FAILURE TO PAY ALL WAGES OWED AT THE AGREED UPON RATE**
4. **FAILURE TO PROVIDE MEAL PERIODS**
5. **FAILURE TO PROVIDE REST PERIODS**
6. **FAILURE TO PROVIDE ACCURATE ITEMIZED W**Judge Layne H. Melzer
7. **FAILURE TO PAY COMPENSATION AT THE TIME OF TERMINATION**
8. **FAILURE TO COMPLY WITH UNFAIR COMPETITION LAW**

**DEMAND FOR JURY TRIAL**

Plaintiff Reyes Alvarez ("Plaintiff") on behalf of himself and the Class of similarly situated current and former employees of Defendants in California who worked at Defendants' distribution centers files this Complaint against Defendant ALBERTSON'S LLC and DOES 1-100 (collectively, "Defendants") Plaintiff is informed and believes and on the basis of that information and belief alleges as follows.

## INTRODUCTION

1. This matter is brought as a class action pursuant to California Code of Civil Procedure § 382, on behalf of Plaintiff and all others similarly situated to recover wages, interest, penalties, equitable remedies, and attorney fees and costs, for Defendant's violations under the California Labor Code and the California Unfair Competition Law (Bus. & Prof. Code §§ 17200 *et seq*.).

2. This class action lawsuit is specifically brought on behalf of all persons employed in non-exempt positions who worked one or more shifts in the Defendant's distribution centers four (4) year prior to the filing of the Complaint. This class action lawsuit primarily challenges Defendant's employment practices with respect to security checkpoints and donning and doffing activities and alleges that Defendant; (a) fails to pay minimum wages for all hours worked; (b) fails to pay all wages at the agreed upon rate; (c) fails to pay overtime wages for all hours worked (d) fails to properly calculate the overtime rate and pay overtime for all hours worked; (e) fails to provide meal and rest breaks that comply with California law; (f) fails to pay premium wages at the correct rate and/or restitution for on duty, missed, short, and/or late meal and rest breaks; (g) fails to pay all wages owed upon termination; and (h) fails to provide accurate itemized wage statements.

3. In this case, Plaintiff, on behalf of himself and the Putative class, seeks relief for Defendant's unlawful and unfair employment policies, practices and procedures, which have resulted in the failure of Defendant to the failure to pay minimum wages and/or all overtime wages due (Labor Code §§1182.12, 1194, 1194.2, 1197); the failure of Defendant to pay all wages owed at the agreed upon rate (Labor Code §§221, 223); the failure to provide and/or pay premium wages and/or penalties for meal and rest breaks (Labor Code §§226.7, 512(a), 516, and 1174; IWC Wage Order 9, §11 and 12); the failure to pay penalties as a result of providing inaccurate itemized wage

statements (Labor Code §226); the failure of Defendant to pay all wages and penalties due on termination (Labor Code §§ 201-203); and the failure to pay restitution and other equitable relief as a result of noncompliance with California's Unfair Competition law (Bus. & Prof. Code § 17200, *et seq.*).

4. In this action Plaintiff, on behalf of himself and the members of the Putative class, seeks back wages, premium wages, statutory penalties, interest, attorney's fees, declaratory and injunctive relief, and restitution from Defendant.

5. The acts complained of herein have occurred, are presently occurring, and are expected to continue occurring, within the time period from four (4) years preceding the filing of the original Complaint herein, up to and through the time of trial for this matter (hereinafter, the "Relevant Time Period").

## PARTIES

***Plaintiff REYES ALVAREZ***

6. Plaintiff Reyes Alvarez is an individual over the age of eighteen (18) and is now and/or at all relevant times mentioned in this Complaint was a resident, citizen and domiciliary the State of California. During the Relevant Time Period, beginning in August 22, 2024, Mr. Alvarez worked as a non-exempt employee in Defendant Albertson's distribution center located in Brea, Orange County, California.

***Defendant ALBERTSON'S LLC***

7. Plaintiff is informed and believes and based thereon alleges that Defendant ALBERTSON'S LLC is now and/or at all times mentioned in this Complaint is headquartered in Delaware, and qualified and registered to do business in the State of California, and performs substantial business in California, with large distribution centers located throughout California.

8. Plaintiff is informed and believes and based thereon alleges that Defendant is now and/or at all times mentioned in this Complaint was the owner and operator of a business with numerous geographic locations within the State of California.

***Defendant Does 1 through 100, Inclusive***

9. DOES 1 through 100 inclusive are now and/or at all times mentioned in this

Complaint were, licensed to do business and/or actually doing business in the State of California. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of DOES 1 through 100, inclusive and for that reason, DOES 1 through 100 are sued under such fictitious names pursuant to California Code of Civil Procedure, section 474. Plaintiff will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained. DOES 1 through 5 are believed to be business entities who were also co-employers of the Plaintiff and the Putative class herein.

***All Defendants***

10. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director and/or managing agent, principal and/or employer, expressly directed, consented to, approved, affirmed and ratified each and every action taken by the other co-Defendant, as herein alleged and was responsible in whole or in part for the matters referred to herein.

11. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director and/or managing agent, principal and/or employer, expressly directed, consented to, approved, affirmed and ratified each and every action taken by the other co-Defendant, as herein alleged and was responsible in whole or in part for the matters referred to herein.

12. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiff, all others similarly situated and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

13. Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such were co-employers of the Plaintiff and the Putative class herein.

14. Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified, the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this Complaint.

## JURISDICTION AND VENUE

15. The California Superior Court has jurisdiction in this matter because the claims exceed the jurisdictional minimum of this court and Plaintiff and Defendant are both residents of the state of California. Further, the issues herein are based upon California Statutes and law including the California Labor Code and California Unfair Competition Law.

16. Venue is proper in the County of Orange County because the Plaintiff Alvarez worked in Defendant's Brea distribution center and Defendant maintains multiple distribution centers in Orange County.

## FACTUAL ALLEGATIONS

***Background***

17. Plaintiff Reyes Alvarez worked for Defendant Albertson's LLC in a distribution center beginning on or about August 22, 2024. Plaintiff regularly worked more than ten (10) hours in a workday while employed by Defendants.

18. At all relevant times mentioned herein, Plaintiff alleges that Defendants had and have a policy or practice of failing to accurately and correctly record and pay all minimum and premium wages owed and agreed upon compensation for work performed to Plaintiff and Putative Class Members, including but not limited to not paying for all off-the-clock work by not paying for all time spent in required security and bag checks prior to clocking in before shifts and after clocking

out after shifts, time spent walking from the required security checkpoints to the timeclock before shifts and from the timeclock to the required security checkpoint after shifts, and time spent setting up their positions prior to clocking in, among other things, in violation of Labor Code §§ 1194 and 1197.

19. At all relevant times mentioned herein, Plaintiff alleges that Defendants had and have a policy or practice of failing to accurately and correctly record and pay all overtime wages owed for all overtime work performed, including by requiring Plaintiff and Class Members to work overtime hours without paying them the proper overtime compensation for those hours, failing to pay proper double-time compensation for work more than ten (10) hours in a workday as required by the collective bargaining agreement, and failing to pay all overtime and double-time wages for all off-the-clock work by not paying for all time spent in required security and bag checks prior to clocking in before shifts and after clocking out after shifts, time spent walking from the required security checkpoints to the timeclock before shifts and from the timeclock to the required security checkpoint after shifts, and time spent setting up their positions prior to clocking in, among other things, in violation of Labor Code §§ 510 and 1194.

20. As a result of Defendants' conduct detailed above, Plaintiff further alleges that, at all relevant times mentioned herein, Defendants had and have a policy or practice of failing to maintain accurate employment records and failing to provide accurate itemized wages statements to Plaintiff and Class Members. Plaintiff is informed and believes and thereon alleges that Defendants did not provide itemized and accurate wage statements to Plaintiff and Class Members because Defendants failed to state the proper rates of pay, the amounts of wages earned and paid, the hours worked, the overtime hours worked, and the rates of pay, among other things, in violation of Labor Code § 226(a).

21. As a result of Defendants' conduct detailed above, Plaintiff further alleges that, at all relevant times mentioned herein, Defendants had and have a policy or practice of failing to timely pay all final wages due to other Class Members upon separation from employment, in violation of Labor Code §§ 201-203.

//

22. Further, Plaintiff further alleges that he incurred missed, late, short, or on-duty meal or rest breaks in violation of California Labor Code §226.7, and that Defendant failed to pay premium wages at the regular rate for missed, late, short, or on-duty breaks.

23. Plaintiff is informed and believes and based thereon alleges that Defendant is and was advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

24. Plaintiff is informed and believe and based thereon alleges that at all relevant times, Defendant had a consistent policy or practice of failing to pay all wages owed upon termination and failing to provide accurate itemized wage statements.

25. Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendant knew or should have known that it was contrary to California law to .

**CLASS ALLEGATIONS**

26. Plaintiff incorporates by reference the allegations set forth above.

27. Plaintiff brings this action as a class action pursuant to California Code of Civil Procedure § 382 on behalf of himself and all others similarly situated. The class which Plaintiff seeks to represent is composed of and defines as follows:

a. Employee Class: All persons employed in non-exempt positions at Defendant Albertson's LLC, in the State of California who, at any time from four years prior to this complaint to present, who worked one or more shifts at Defendants' distribution centers for the period from four (4) years prior to the filing of this Complaint to the present.

b. Former Employee Sub-Class: All members of the Plaintiff Employee Class who are no longer employed by the Defendant.

28. Numerosity: Plaintiff is informed and believes and based thereon alleges that the class includes more than 100 individuals and is therefore so numerous that the individual joinder of all members is impracticable. While the exact number and identification of class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed

to Defendant, Plaintiff is informed and believes that the class includes at least hundreds of members.

29. Questions of Law and Fact Common to the Class: Plaintiff is informed and believes and based thereon alleges that common questions of law and fact exist as to all members of the class which predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

a. whether Plaintiff and the members of the Putative class are subject to and entitled to the benefits of California wage and hour statutes;

b. whether Defendant's requirement that Plaintiff and Putative Class Members undergo security checks and set up their stations constituted compensable time;

c. whether Defendant failed to pay overtime compensation at the lawful rate for all hours worked;

d. whether Defendant had a policy and practice of failing to provide Plaintiff and the members of the Putative class meal and rest breaks;

e. whether Defendant had a policy and practice of failing to compensate Plaintiff and the members of the Putative class at the correct premium wage for missed, short, or late meal and rest breaks;

f. whether Defendant's policy and practice of not providing, and/or compensating Plaintiff and members of the Putative class for meal and rest breaks violated California wage and hour law;

g. whether Defendant required, encourage, suffered, or permitted Plaintiff and the members of the putative class to perform certain work-related duties without compensation equal to at least the California minimum wage and/or designated rate;

h. whether Defendant unlawfully and/or willfully failed to promptly pay compensation owing to Plaintiff and the members of the Putative Former Employee Sub-class upon termination of their employment, in violation of Labor Code sections 201-203;

i. whether Defendant unlawfully and/or willfully failed to provide Plaintiff and the members of the Putative class with true and proper wage statements upon payment of wages, in violation of Labor Code section 226;

j. whether Plaintiff and members of the Putative class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and

k. whether Defendant's conduct as alleged herein violates the Unfair Business Practices Act of California, Bus. & Prof. Code § 17200, *et seq*.

30. Typicality: Plaintiff is informed and believes and based thereon alleges that the claims of the named Plaintiff are typical of the claims of the members of the Putative class. Plaintiff and other class members sustained losses, injuries and damages arising from Defendant's common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the Putative class.

31. Adequacy of Representation: Plaintiff is informed and believes and based thereon alleges that Plaintiff is an adequate representative of the class because he is a member of the class and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intend to prosecute this action vigorously for the benefit of the class. The interests of the class members will fairly and adequately be protected by Plaintiff and his attorneys.

32. Superiority: Plaintiff is informed and believes and based thereon alleges that class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all class members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individual, repetitive lawsuits. Individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a

single adjudication, economics of scale, and comprehensive supervision by a single court.

33. The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California Code of Civil Procedure Section 382 because:

a. The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendant, and

b. The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES FOR HOURS WORKED**

**(By Plaintiff and Putative Class Against All Defendants)**

34. Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

35. Labor Code Section 1194 provides that an employee receiving less than the legal minimum wage is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

36. Pursuant to Labor Code Section 1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

37. Wage Order No. 9-2001 states, "(A) Every employer shall pay to each employee wages not less than fifteen dollars ($15.00) per hour for all hours worked, effective January 1, 2022, and not less than fifteen dollars and fifty cents ($15.50) per hour for all hours worked, effective January 1, 2023, not less than sixteen dollars ($16.00) per hour for all hours worked, effective January 1, 2024, and not less than sixteen dollars and fifty cents ($16.50) per hour for all hours worked, effective January 1, 2025, except: LEARNERS. Employees during their first 160 hours of

employment in occupations, in which they have no previous similar or related experience, may be paid not less than 85 percent of the minimum wage rounded to the nearest nickel. (B) Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise."

38. Pursuant to Labor Code Section 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission, or under conditions prohibited by the applicable Wage Orders, including but not limited to, failing to keep records of and failing to correctly report hours worked.

39. Labor Code Section 1174 requires that every person employing labor in this state shall keep (1) a record showing the names and addresses of all employees employed and the ages of all minors; (2) at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments; (3) such records in accordance with rules established for this purpose by the commission, but in any case, on file for not less than three years. This statute also prevents an employer from prohibiting an employee from maintaining a personal record of hours worked. Defendant has willfully failed to keep the records required by Section 1174.

40. Throughout the Relevant Time Period, Defendant's hourly compensation scheme purported to compensate Plaintiff and the other members of the putative class for all hours worked. In reality, Defendant suffered or permitted Plaintiff and the other members of the putative class to pay for expenses on behalf of the company and/or uncompensated hours which resulted in the Plaintiff and the members of the putative class earning less than the legal minimum wage in the State of California.

41. At all times relevant hereto, Defendant has willfully failed to keep the records required by Section 1174. By failing to maintain adequate time records as required by Labor Code section 1174(d) and IWC Wage Order, number 9, section 7(A), Defendant has made it difficult to calculate the minimum wage compensation due Plaintiff and the other members of the putative class.

42. Defendant owes Plaintiff, and the other members of the putative class, minimum wages and liquidated damages pursuant to Labor Code sections 1182.12, 1194, 1194.2 and 1197, IWC Wage Order, number 9, section 4 due in amounts to be determined at trial during the three (3) years prior to the filing of the initial Complaint in this action.

43. Plaintiff and the other members of the putative class request payment of unpaid minimum wages due in amounts to be determined at trial, interest, attorneys' fees and costs, against Defendant in a sum as provided by the Labor Code and/or other statutes.

44. Plaintiff and the members of the putative class also request relief as described below.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME FOR HOURS WORKED**

**(On Behalf of Plaintiff and the Putative Class Against All Defendants)**

45. Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

46. Labor Code Section 1194 provides that an employee receiving less than the legal overtime compensation is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

47. Labor Code Section 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Labor Code Section 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." Labor Code Section 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

48. Throughout the Relevant Time Period, Wage Order No. 9-2001 provided for payment of overtime wages equal to one and one-half (1 1/2) times an employee's regular rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a workweek, and/or for

payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and/or for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

49. Pursuant to Labor Code Section 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission, or under conditions prohibited by the applicable Wage Orders, including but not limited to, failing to keep records of and failing to correctly report hours worked.

50. Labor Code Section 1174 requires that every person employing labor in this state shall keep (1) a record showing the names and addresses of all employees employed and the ages of all minors; (2) at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments; (3) such records in accordance with rules established for this purpose by the commission, but in any case, on file for not less than three years. This statute also prevents an employer from prohibiting an employee from maintaining a personal record of hours worked. Defendant has willfully failed to keep the records required by Section 1174.

51. Throughout the Relevant Time Period, Defendant's hourly compensation scheme purported to compensate Plaintiff and the other members of the putative class for all hours worked. In reality, Defendant suffered or permitted Plaintiff and the other members of the putative class to work portions of their day without compensation, while subject to Defendant's control, such that their wages labored below the agreed rate and/or minimum wage, which resulted in the Plaintiff and the members of the putative class earning less than the legal minimum wage and/or agreed upon rate in the State of California.

52. Defendant classified Plaintiff and members of the Putative classes as non-exempt, therefore they were entitled to overtime compensation for all hours worked in excess of the hours and time specified in the Wage Order, statutes and regulations identified herein.

53. Moreover, at all times relevant hereto, Defendant has willfully failed to keep the records required by Section 1174. By failing to maintain adequate time records as required by Labor

Code section 1174(d) and IWC Wage Order, number 9, section 7(A), Defendant has made it difficult to calculate the minimum wage compensation due Plaintiff and the other members of the putative class.

54. Defendant owes Plaintiff, and the other members of the putative class, overtime wages and liquidated damages pursuant to Labor Code sections 1182.12, 1194, 1194.2 and 1197, IWC Wage Order, number 9, section 4 due in amounts to be determined at trial during the three (3) years prior to the filing of the initial Complaint in this action.

55. Plaintiff and the other members of the putative class request payment of unpaid overtime wages due in amounts to be determined at trial, interest, attorneys' fees and costs, against Defendant in a sum as provided by the Labor Code and/or other statutes.

56. Plaintiff and the members of the putative class also request relief as described below.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY WAGES AT THE AGREED UPON RATE

**(On Behalf of Plaintiff and the Putative Class Against All Defendants)**

57. Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

58. At all relevant times herein, Labor Code section 223 provided "[w]here any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

59. At all times relevant hereto, Defendants compensation scheme purported to compensate Plaintiff and the other members of the putative classes for all hours worked. In reality, Defendants suffered or permitted Plaintiff and the other members of the Putative classes to work portions of their day without compensation, while subject to Defendants' control. As such, Plaintiff and other members of the Putative Classes were compensated less than the agreed rate.

60. At all times relevant hereto, Defendants paid less than the agreed upon compensation owed to Plaintiff and the other members of the Putative classes, while purporting to pay the designated wage scale. As a result, Defendants' conduct violates Labor Code Section 223.

61. Defendants owed and still owe Plaintiff and the other members of the Putative classes wages at the designated rate pursuant to the Labor Code in amounts to be determined at trial for the hours worked during the relevant time period.

62. Plaintiff and the other members of the Putative classes request payment of unpaid wages at the designated rate in amounts to be determined at trial, plus interest, attorneys' fees and costs, against Defendants in a sum as provided by the Labor Code and/or other statutes.

63. Plaintiff and the other members of the Putative classes also request relief as described below.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE AND PROPERLY RECORD MEAL BREAKS

**(On Behalf of Plaintiff and the Putative Class Against All Defendants)**

64. Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

65. Labor Code § 226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

66. Labor Code § 512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

67. Labor Code § 516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the health and welfare of those workers.

68. Section 11(C) of Wage Order No. 9-2001 provides that "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement

shall state that the employee may, in writing, revoke the agreement at any time."

69. Section 11(D) of Wage Order No. 9-2001 provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

70. At all times relevant hereto, California Labor Code section 1174 required employers to keep payroll records reflecting all hours worked and meal breaks taken.

71. At all times relevant hereto, Defendants failed maintain documentation of the actual hours worked each day by Plaintiff, all wages and meal breaks taken.

72. By failing to maintain documentation of the actual hours worked each day, all wages and piece rate units earned and meal breaks taken by Plaintiff, Defendants violated Labor Code section 1174 and IWC Wage Order No. 9 section 7.

73. Throughout the Relevant Time Period, Plaintiff and the members of the Putative class consistently worked over five (5) hours per work period, and therefore, were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

74. The Defendants implemented a uniform policy and/or procedure in which Plaintiff and members of the Putative class were not provided required meal periods.

75. Defendants failed to comply with the required meal periods established by Labor Code § 226.7, Labor Code § 512, Labor Code § 516 and the applicable Wage Order.

76. Defendants failed to compensate Plaintiff and members of the Putative class with premium wages when meal periods were on duty, missed, short, or late.

77. Pursuant to Section 11 of Wage Order No. 9-2001, and Labor Code § 226.7(b) (which requires, in the event that "an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided"), the members of the Class are entitled to damages in an amount equal to one (1) hour of wages per missed meal period, in a sum to be proven at trial.

//

78. Pursuant to Civil Code § 3287(b), the members of the Class seek recovery of pre-judgment interest on all amounts recovered herein.

79. Pursuant to the applicable Labor Code, UCL, and Civil Code Sections, the members of the Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

80. Plaintiff and the members of the putative class also request relief as described below.

**FIFTH CAUSE OF ACTION**

**FAILURE TO ALLOW AND PAY CORRECT PREMIUM WAGES FOR REST BREAKS**

**(On Behalf of Plaintiff and the Putative Class Against All Defendants)**

81. Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

82. Labor Code § 226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

83. Labor Code § 516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to rest periods for any workers in California consistent with the health and welfare of those workers.

84. IWC Wage Order, No. 9-2001, § 12 required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duty.

85. At all times relevant hereto, Labor Code § 226.7(b) and IWC Wage Order, No. 9-2001, § 12 required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

86. Throughout the Relevant Time Period, Defendants implemented a uniform policy and procedure in which Plaintiff and members of the Putative class were not provided required rest periods.

//

87. As a result, throughout the Relevant Time Period, Defendants regularly:

a. Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the Putative class were relieved of all duty for each four (4) hours of work; and

b. Failed to pay Plaintiff and the members of the Putative class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

88. Pursuant to the applicable Labor Code, UCL, and Civil Code Sections, the members of the Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

89. Plaintiff and the members of the Putative class also request relief as described below.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

**(On Behalf of Plaintiff and all Proposed Class Members Against All Defendants)**

90. Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

91. Labor Code Section 226(a) requires every employer, semimonthly or at the time of each payment of wages, to furnish each of its employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing, among other things, (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned and (6) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

92. As a matter of pattern and practice, in violation of Labor Code Section 226, including but not limited to Labor Code Section 226(a), Defendant did not maintain accurate records pertaining to Plaintiff or the members of the Putative classes, including, but not limited to, the correct hourly rate agreed to by the parties and the correct number of hours worked.

93. Plaintiff and the members of the Putative classes were harmed by Defendant's failure to provide the required information. Defendant's failure to comply with Labor Code Section 226(a) hindered Plaintiff and the members of the Putative classes from determining the amount of wages, overtime, and other compensation actually owed to them, and damaged them in the amount of the unpaid wages, compensation, and overtime wages that were not reported by Defendant, as required.

94. Pursuant to Labor Code Section 226(e), Plaintiff and the members of the Putative classes are entitled to penalties as follows:

a. Fifty dollars ($50.00) per employee for the initial pay period in which a violation occurs; and

b. One hundred dollars ($100.00) per employee for each violation in a subsequent pay period.

95. Pursuant to Labor Code Section 226(g), the members of the Putative classes are entitled to an award of costs and reasonable attorneys' fees.

96. Plaintiff and the members of the Putative class also request relief as described below.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PAY COMPENSATION AT THE TIME OF TERMINATION**

**(On Behalf of Plaintiff and the Former Employee Sub-Class Against All Defendants)**

97. Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

98. California Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by California Labor Code section 201 or 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to thirty (30) work days.

99. Plaintiff is informed and believes and based thereon alleges that Defendant consistently and willfully failed to timely pay Plaintiff and the members of the Putative Former Employee Sub-Class, all wages due and owing upon termination of employment.

100. Plaintiff, on behalf of himself and the members of the Putative Former Employee Sub-Class, seeks penalties to which he and the members of the Putative Former Employee Sub-class

are entitled pursuant to California Labor Code section 203, in the amount of Plaintiff's and each Former Employee Sub-Class members' daily wage multiplied by thirty (30) days, the exact amount of which is to be determined at trial.

101. Plaintiff and the members of the Putative class also request relief as described below.

**EIGHTH CAUSE OF ACTION**

**FAILURE TO COMPLY WITH CALIFORNIA UNFAIR COMPETITION LAW**

**(On Behalf of Plaintiff and Putative Uniform Class Against All Defendants)**

102. Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

103. Within the four years prior to the filing of the initial Complaint in this case, Defendant, and each of them, committed acts of unfair competition as defined by California Business and Professions Code section 17200, *et. seq.*, by engaging in the following unlawful, unfair and fraudulent business acts and practices in the State of California, among others:

a. Failing to pay minimum, agreed upon, and overtime wages for all hours worked;

b. Failing to provide for and pay premium pay to Plaintiff for missed, short, late, or on duty meal and rest breaks;

c. Failing to pay overtime and premium wages incorporating the regular rate; and

d. Failing to pay all wages timely when due.

104. As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts and practices described herein, Defendant has received and continue to hold ill-gotten gains belonging to Plaintiff and the other members of the Putative classes. As a direct and proximate result of Defendant's unlawful business practices, Plaintiff and the other members of the Putative classes have suffered economic injuries including, but not limited to, loss of wage compensation.

105. Through Defendant's use of such unlawful, unfair, and/or fraudulent acts and practices, Defendant has gained an unfair advantage over Defendant's competitors.

106. Plaintiff and the other members of the Putative classes seek full restitution on account of the economic injuries they have suffered, along with disgorgement of ill-gotten gains from Defendant as necessary and according to proof, to restore any and all monies withheld, acquired

and/or converted by Defendant by means of the unlawful, unfair and fraudulent business practices complained of herein.

107. Plaintiff and the other members of the Putative classes seek appointment of a receiver, as necessary, to oversee said restitution, including all wages earned and unpaid, including interest thereon.

108. Further, if Defendant is not enjoined from engaging of the unlawful, unfair and fraudulent conduct described above, Defendant will continue unabated in their conduct, which will result in continued irreparable injury to members of the public, including, but not limited to the other members of the Putative classes who currently work for Defendant, and for which there is no adequate remedy at law. Thus, Plaintiff and the other members of the Putative classes request that the Court issue a preliminary and permanent injunction prohibiting Defendant from engaging in the foregoing conduct.

109. Plaintiff and the members of the Putative classes also request relief as described below.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and on behalf of the members of the Putative classes, prays for judgment against Defendant as follows:

a. for an order certifying the class herein, appointing the named Plaintiff as the class representative of all others similarly situated and appointing counsel for the named Plaintiff as counsel for members of the class;

b. An order awarding Plaintiff and the members of the Putative classes all wages owed, all expenses owed, plus all penalties and compensatory damages;

c. Liquidated damages;

d. Statutory penalties;

e. An order requiring imposition of a constructive trust and/or disgorgement of Defendant's ill-gotten gains to pay restitution to the Plaintiff and the members of the Putative classes and to restore to the Plaintiff and the members of the Putative classes all funds acquired by means of any act or practice declared by this Court to

be an unlawful, fraudulent or unfair business act or practice, a violation of laws, statutes or regulations, or constituting unfair competition;

f. Declaratory and Injunctive relief;

g. Pre-judgment and post-judgment interest pursuant to Code of Civil Procedure Section 3287, Labor Code sections 218.6, 1194(a), 2802(b), and any other applicable provision of law;

h. For an award of attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to Code of Civil Procedure Section 1021.5, Business and Profession Code Section 17200, *et seq*., Labor Code sections 218.5, 226(e) or (h), 1194, and any other applicable provision of law;

i. Such other and further relief as the Court may deem necessary or appropriate.

DATED: April 1, 2025

CHRISTINA HUMPHREY LAW, P.C.

By: Christina A. Humphrey

Christina A. Humphrey, Esq.
Attorneys for Plaintiff Reyes Alvarez

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

DATED: April 1, 2025

CHRISTINA HUMPHREY LAW, P.C.

By: Christina A. Humphrey

Christina A. Humphrey, Esq.
Attorneys for Plaintiff Reyes Alvarez

Electronically Filed by Superior Court of California, County of Orange, 04/01/2025 09:29:51 PM.
30-2025-01471926-CU-OE-CXC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By G. Ramirez, Deputy Clerk.

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Christina A. Humphrey (SBN 226326),
CHRISTINA HUMPHREY LAW, P.C., 1117 State Street, Santa Barbara, CA 93101

TELEPHONE NO.: (805) 618-2924 FAX NO.: (805) 618-2939
EMAIL ADDRESS: christina@chumphreylaw.com
ATTORNEY FOR *(Name):* Reyes Alvarez

*FOR COURT USE ONLY*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 751 West Santa Ana Blvd
MAILING ADDRESS: 751 West Santa Ana Blvd
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
Reyes Alvarez v. Albertson's LLC, et al.

**CIVIL CASE COVER SHEET**

[x] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**

[ ] Counter [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 30-2025-01471926-CU-OE-CXC

JUDGE: Judge Layne H. Melzer

DEPT.: CX-102

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 1, 2025
Christina A. Humphrey

(TYPE OR PRINT NAME)

Christina A. Humphrey

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET



**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition