JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYES ALVAREZ,<br><br>               Plaintiff,<br><br>      v.<br><br>ALBERTSONS LLC, et al.,<br><br>               Defendants. | Case No. 8:25-cv-01440-SRM-KES<br><br>**ORDER REGARDING PLAINTIFF'S MOTION TO REMAND AND DEFENDANT'S MOTION FOR CONSOLIDATION [11] [19]** |

## I.    INTRODUCTION

Before the Court is Defendant Albertson's LLC's ("Defendant Albertsons") Motion to Consolidate Cases, Dkt. 11, and Plaintiff Reyes Alvarez's ("Plaintiff Alvarez") Motion to Remand the action to the Superior Court of the State of California, County of Orange. Dkt. 19. Having reviewed the parties' arguments, relevant legal authority, and record in this case, the Court **GRANTS** Plaintiff Alvarez's Motion to Remand, Dkt. 19, and **DENIES** Defendant Albertsons' Motion for Consolidation **AS MOOT**, Dkt. 11.

## II.    BACKGROUND

This action arises from Plaintiff Alvarez's employment with Defendant Albertsons at Albertson's distribution center in Brea, California. *See* Dkt. 1-2 at 4. Plaintiff Alvarez began his employment on August 22, 2024, and states he worked more than 10 hours a

-1-

workday. *See* Dkt. 1-2 at 4. Plaintiff Alvarez alleges that throughout his employment, Defendant Albertson's committed various Labor Code violation. *See generally* Dkt. 1-2. On April 1, 2025, Plaintiff Alvarez filed a class action complaint in the Superior Court of California, County of Orange, Case No. 30-2025-01471926-CU-OE-CXC, against Defendant Albertsons for alleged failure to: (1) pay minimum wages, (2) pay overtime for hours worked, (3) pay wages at the agreed upon rate, (4) provide and properly record meal breaks, (5) allow and pay correct premium wages for rest breaks, (6) provide accurate itemized wage statements, (7) pay compensation at the time of termination, (8) comply with California's Unfair Competition Law. *See Reyes Alvarez v. Albertsons LLC, et al.*, No. 8:25-cv-00982-SRM-KES (C. D. Cal. filed May 9, 2025) (Dkt. 1-1). On May 9, 2025, Defendant Albertsons removed the putative class action to federal court pursuant to the Class Action Fairness Act in Case No. 8:25-cv-00982-SRM-KES. *See id.* (Dkt. 1).

On May 30, 2025, Plaintiff Alvarez initiated this action against Defendant Albertsons in the Superior Court of California, County of Orange ("*Alvarez II*") in Case No. 30-2025-01486816-CU-OE-CXC. *See* Dkt. 1-2. In *Alvarez II*, Plaintiff Alvarez brings a single Private Attorneys General Act ("PAGA") claim asserting underlying violations of the California Labor Code. *See* Dkt. 1-2 at 8–10. Plaintiff Alvarez brings this action as an individual and on behalf of all other Aggrieved Employees. *See* Dkt. 1-2 at 3. Plaintiff Alvarez alleges that Defendant Albertsons violated the Labor Code in that it failed to (1) pay minimum wages; (2) maintain accurate records; (3) pay all wages owed upon termination; and (4) provide accurate itemized wage statements. *See id.* at 5–8.

In his Complaint, Plaintiff Alvarez alleges he regularly worked more than ten hours a day while employed by Defendant Albertsons. *See* Dkt. 1-2 at 4. He alleges that, during the relevant period, Defendant Albertsons was advised by lawyers, professionals, and human resource employees with knowledge of the requirements of California wage and hour laws. *See id.* Specifically, Plaintiff Alvarez alleges Defendant Albertsons had a policy or practice of failing to pay employees for time spent in required security and bag checks, walking to and from required security checkpoints, and setting up their positions prior to

clocking in. *See* Dkt. 1-2 at 5. Plaintiff Alvarez also alleges Defendant Albertsons failed to pay all wages owed upon termination, maintain accurate records, and provide accurate itemized wage statements in violation of California Labor Code Sections 201-203, 1174, and 226. *See id.*

On July 2, 2025, Defendant Albertsons removed the state court action to this Court. *See* Dkt. 1. Defendant Albertsons alleges removal is proper to this Court based on federal question jurisdiction, diversity jurisdiction, and supplemental jurisdiction. *See* Dkt. 1 at 2. First, Defendant Albertsons alleges federal question exists because Plaintiff Alvarez's claims are subject to a Collective Bargaining Agreement ("CBA") subject to preemption under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"). *See* Dkt. 1 at 3–10. Second, Defendant Albertsons alleges diversity jurisdiction is proper because "the parties are diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs." *See* Dkt. 1 at 12. Third, Defendant Albertsons argues jurisdiction is proper through supplemental jurisdiction because the state law claims, "relate to and emanate from the same employment relationship between and/or the allegedly aggrieved employees and Defendant, which is the subject of the federal question claims." *See id.* at 10–11.

On July 10, 2025, Defendant Albertsons filed a Motion to Consolidate this case with *Alvarez I. See* Dkt. 11. Defendant Albertsons argues that these cases arise from the same factual allegations and allowing them to proceed separately "will waste judicial and party resources, risk inconsistent rulings, and constitute unlawful claim splitting." *See id.* at 8. Plaintiff Alvarez opposes Defendant Albertsons' Motion to Consolidate and argues the following: (1) this case was improperly removed; (2) the Court lacks jurisdiction to rule on the Motion to Consolidate until deciding the Motion to Remand; (3) consolidation is inappropriate because the cases do not involve common legal or factual questions; (4) if remand is denied, coordinating the related actions for pretrial and trial purposes, rather than full consolidation, is appropriate in this case; and (5) Defendant Albertsons misconstrues

the claim-splitting doctrine and misapplies precedent. *See* Dkt. 17. Defendant Albertsons submitted a Reply in support of its Motion to Consolidate. Dkt. 20.

On July 29, 2025, Plaintiff Alvarez filed a Motion to Remand this case to state court. *See* Dkt. 19. First, Plaintiff Alvarez argues that jurisdiction is not proper in this Court because the claims are not preempted by the LMRA. *See id.* at 12–15. Next, Plaintiff Alvarez argues that Defendant Albertsons improperly aggregates PAGA penalties to meet the amount in controversy threshold for diversity jurisdiction. *See id.* at 16. Plaintiff Alvarez further argues that Defendant Albertsons cannot rely on supplemental jurisdiction to justify removal. *See id.* at 25. In addition, Plaintiff Alvarez moves for attorney's fees incurred from removal because Defendant Albertsons' removal lacked an objectively reasonable basis. *See* Dkt. 19 at 27.

On August 6, 2025, Defendant Albertsons filed an Opposition to Plaintiff Alvarez's Motion to Remand, in which it reaffirms its basis for removal and opposes the request for attorney's fees. *See* Dkt. 22. On August 13, 2025, Plaintiff Alvarez filed a Reply in support of his Motion to Remand. Dkt. 24.

At the time the Opposition was filed, Defendant Albertsons requested the Court to take judicial notice of the following documents: Plaintiff Reyes Complaint in *Alvarez 1*, Defendant Albertson's Notice of Removal in *Alvarez I*, Plaintiff Reyes Complain in *Alvarez II*, Defendant Albertson's Notice of Removal in *Alvarez II*, and Defendant Albertson's Collective Bargaining Agreement. *See* Dkt. 23. Defendant Albertson's request for judicial notice is **GRANTED**. *See* Fed. R. Evid. 201; *see also United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (noting that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 943 (C.D. Cal. 2014) (taking judicial notice of its own files and records under Rule 201 of the Federal Rule of Evidence); *Lujano v. Piedmont Airlines, Inc.*, 734 F. Supp. 3d 988, 996 (C.D. Cal. 2024) (noting that courts regularly take notice of collective bargaining agreements).

## III.   LEGAL STANDARD

### A.   Subject Matter Jurisdiction

As a threshold matter, before determining whether consolidation is warranted, the court must consider whether it has jurisdiction over plaintiff's PAGA action such that it could order consolidation. *See U.S. Bank Nat'l Ass'n v. Mariano*, No. 1205485, 2012 WL 12882054, at *1 (C.D. Cal. August 16, 2012) ("a prerequisite to consolidation is that both cases be 'pending before the court,' and an improperly removed case does not meet this criterion." (citing *United States for use of Owens-Corning Fiberglass Corp. v. Brandt Constr. Co.*, 826 F.2d 643, 647 (7th Cir. 1987)). "Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Removal of a state action to federal court is proper only if the district court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). A district court must remand the case to state court if it appears at any time before final judgment that it lacks subject matter jurisdiction. *See id.* § 1447(c). Because the removal statute is strictly construed against removal jurisdiction, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *See Gaus v. Miles, Inc.*, 980 F.3d 564, 566 (9th Cir. 1992).

There are two types of subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Federal district courts have original jurisdiction over claims arising under the Constitution, laws, or treaties of the United States. *See id.* § 1331. This is known as federal question jurisdiction. *See id.* In the alternative, when a party asserts diversity jurisdiction, the removing party must show that (1) the parties are citizens of different states, and (2) the amount in controversy exceeds $75,000. *See id.* § 1332(a). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence that the amount in controversy meets the jurisdictional

threshold." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017) (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F. 3d 1089, 1090 (9th Cir. 2003)).

**B.    PAGA**

"PAGA authorizes aggrieved employees, acting as private attorneys general, to recover civil penalties from their employers for violations of the Labor Code." *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1119 (9th Cir. 2014). More specifically, PAGA prescribes that any Labor Code provision that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") "may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of the employee and other current or former employees." *See* Cal. Lab. Code § 2699(a); *Johnson v. Lowe's Home Centers, LLC*, 93 F.4th 459, 462–63 (9th Cir. 2024). The aggrieved employee is required to give notice to both the employer and LWDA of the alleged Labor Code violation. *See* Cal. Lab. Code § 2699.3(a). After notice is provided, the agency has the first right of refusal to file a claim. *See id.* 2699(a)(2). If the agency declines to investigate, does not respond to the aggrieved employee's notice within 65 days, or does not issue a citation within 120 days of announcing its decision to investigate the claim, the aggrieved employee may commence an action for civil penalties. *See id.* "In addition, to address violations for which no such penalty has been established, subdivision (f) of the statute created 'a default penalty and private right of action' for aggrieved employees." *Home Depot U.S.A., Inc. v. Superior Court*, 191 Cal. App. 4th 210, 216 (2010); *see also Mitchell v. Corelogic, Inc.*, No. SA CV 17-2274-DOC(DFMx), 2018 WL 6118444, at *14 (C.D. Cal. Aug. 7, 2018) (citing *Home Depot*).

The California Legislature reformed PAGA in June 2024, with amended provisions applying to notices and civil actions brought on or after June 19, 2024. *See* Cal. Lab. Code § 2699(v)(1)-(2); *Martinez v. Sunnova Energy Corp.*, Case No. 2:24-cv-09960-MRA-MAR, 2025 WL 732350, at *3 (C.D. Cal. Mar. 7, 2025). The reformed PAGA clarified that "[a]n aggrieved employee shall not collect a civil penalty for any violation of Sections 201, 202, 203, of the Labor Code," which excludes claims for failure to pay all wages upon

-6-

termination of employment. *See* Cal. Lab. Code § 2699(c)(1) (citing Cal. Civ. Proc. Code § 340). Further, the PAGA reforms revised the schedule of recovered civil penalties, providing that the LWDA recovers 65% of the penalties, and the aggrieved employee, the remaining 35%. *See id.* § 2699(m); *see Martinez*, 2025 WL 732350, at *3.

## IV.    DISCUSSION

In the Notice of Removal, Defendant Albertsons alleges removal is proper because this Court has subject matter jurisdiction under federal question jurisdiction, diversity jurisdiction, and supplemental jurisdiction. *See* Dkt. 1 at 2. Plaintiff Alvarez disagrees and argues that "Defendant's removal is an overreach that seeks to manufacture federal [subject matter] jurisdiction where none exists." *See* Dkt. 19-1 at 8. The Court addresses each assertion of subject matter jurisdiction in turn.

### A.    Federal Question Jurisdiction

First, the Court addresses whether it has federal question jurisdiction over the claims in this action. Defendant Albertsons alleges that Plaintiff Alvarez's claims are preempted by the LMRA because (1) the Aggrieved Employees are covered under the CBA, (2) the claims require substantial interpretation of the CBA, and (3) resolution of the claims will require interpretation of various CBA provisions. *See* Dkt. 1 at 5–10. Plaintiff Alvarez disagrees and states that the PAGA claims arise from state law rather than the CBA. *See* Dkt. 19-1 at 13. Defendant Albertsons argues the Court must interpret the CBA because Plaintiff' Alvarez's claims, such as work periods and compensation for all hours worked, arise from provisions in the CBA. *See* Dkt. 22 at 22.

Under the "'well-pleaded complaint rule,' . . . federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). "[N]ormally, federal preemption is a defense that does not authorize removal to federal court." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019). However, the Ninth Circuit has held that preemption under § 301 of the LMRA is an exception to the well-pleaded complaint rule. *See id.* Section 301 has "'such extraordinary pre-emptive

power' that it 'converts an ordinary state common law complaint into one stating a federal claim.'" *See Curtis*, 913 F.3d at 1152 (quoting *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)). "In other words, a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court." *Curtis*, 913 F.3d at 1152.

Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties[.]" *See* 29 U.S.C. § 185(a). The Ninth circuit has established a two-part inquiry into the nature of a plaintiff's claims to determine if they are preempted by Section 301. *See Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1088–89 (9th Cir. 2025). Thus, Section 301 "preempts a plaintiff's state law claim only where the claim (1) 'arises entirely from' a collective bargaining agreement or (2) 'requires interpretation of' the agreement." *See id.* at 1088 (quoting *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 920–21 (9th Cir. 2018) (en banc)).

The first step requires evaluating the claim to see if it is a "right or duty of the CBA," but noting that the "collective bargaining agreement must be the 'only source' of the right the plaintiff seeks to vindicate." *See Renteria-Hinojosa*, 150 F.4th at 1088–89 (quoting *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 258 (1994)). If the right does not arise entirely from a CBA, then courts consider "whether litigating the state law claim nonetheless requires interpretation of the CBA, such that resolving the entire claim in court threatens the proper role of grievance and arbitration." *See id.* (quoting *Alaska Airlines*, 898 F.3d at 921). If the claim is grounded in the provisions of the CBA or requires its interpretation, then the claims are deemed to arise under federal law. *See Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). "[W]hen a plaintiff's state law claim does *not* arise from a collective bargaining agreement or require interpretation of that agreement, a defendant cannot, by invoking the agreement as a defense, 'transform the action into one arising under federal law.'" *See Renteria-Hinojosa*, 150 F.4th at 1089 (quoting *Caterpillar*, 482 U.S. at 399).

1.    Whether Plaintiff's Claim Arises Entirely from the CBA

Plaintiff Alvarez alleges PAGA claims asserting that Defendant Albertsons failed to "(1) pay minimum wages under Labor Code Section 1194, (2) maintain accurate records under the same section, (3) pay all wages due at termination under Labor Code Section 203, and (4) provide accurate wage statements under Labor Code Section 226." *See* Dkt. 1-2 at 5–9. Defendant Albertsons argues that "the CBA expressly provides for what constitutes work periods and compensation for all hours worked." *See* Dkt. 22 at 22. Plaintiff Alvarez argues that "Defendant's reference to 'work periods' and 'compensation of all hours worked' is nothing more than an attempt to re-label statutory rights as contractual rights." *See* Dkt. 24 at 5.

Plaintiff Alvarez's four claims specifically assert violations of rights that exist under California's Labor Code. *See* Dkt. 1-2 at 4–8. Therefore, Plaintiff Alvarez's rights do not arise *exclusively* from the CBA. *See Renteria-Hinojosa*, 150 F.4th at 1089. Because the rights do not arise entirely from the CBA, the Court proceeds to step two to consider whether the claim will require interpretation of the CBA. *Id.* at 1088–89 (citing *Alaska Airlines*, 898 F.3d at 921).

2.    Whether Plaintiff's claim requires interpretation of the CBA

Plaintiff Alvarez argues removal is without merit because Defendant Albertsons fails to identify a disputed provision that requires interpretation. *See* Dkt. 19-1 at 15. Defendant Albertsons alleges that the parties will have to interpret the CBA "to determine whether the time Plaintiff and the aggrieved employees allegedly spent to go through security checkpoints before and after shifts is compensable time under the CBA and where it is categorized, whether it was already paid under the CBA, and whether Defendant has a policy of paying its union employees for off-the-clock time." *See* Dkt. 22 at 22. Plaintiff Alvarez argues that the CBA only provides generic provisions but does not define the activities at issue here. *See* Dkt. 24 at 5.

Section 301 does not preempt a state law claim unless resolution of that claim "necessarily requires the court to interpret an existing provision of a CBA that can be

-9-

reasonably said to be relevant to the resolution of the dispute." *See Cramer v. Consol. Freightways, Inc.*, 255 F.3d 638, 693 (9th Cir. 2001) (en banc). Moreover, "the need to interpret the CBA must inhere in the nature of plaintiff's claim." *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1076 (9th Cir. 2005) (quoting *Cramer*, 255 F.3d at 691). "[A] state law claim will only be preempted if it is so 'inextricably intertwined' with the CBA that resolution of the claim will require judicial interpretation of the CBA's terms." *See Castillo v. Long Beach Mem'l Med. Ctr.*, 132 F. Supp. 3d 1194, 1198 (C.D. Cal. 2015) (citing *Vasserman*, 65 F. Supp. 3d at 952). "[I]f the claim is plainly based on state law, [Section] 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." *See Cramer*, 255 F.3d at 691 (citing *Caterpillar*, 482 U.S. at 398–99); *see also Humble v. Boeing Co.*, 305 F.3d 1004, 1011 (9th Cir. 2002) ("reliance on CBA provisions to defend against an independent state law claim does not trigger § 301 preemption").

To determine if the claims will substantially depend on an analysis of the CBA, the Court must decide whether the case will require the Court to merely "look to" the CBA or "interpret" its terms. *See McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1011 (9th Cir. 2018). "[T]he mere need to 'look to' the collective-bargaining agreement . . . is no reason to hold [a] state-law claim defeated by § 301." *See Lavidas v. Bradshaw*, 512 U.S. 107, 125 (1994); *see also Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 749 (9th Cir. 1993) ("[T]he line between reference to and interpretation of an agreement may be somewhat hazy"); *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000) ("[T]he term 'interpret' is defined narrowly—it means something more than 'consider,' 'refer to,' or 'apply.'").

Having reviewed the CBA, the Court finds that Plaintiff Alvarez's claim does not depend on a CBA provision subject to interpretation, nor does it require a substantial interpretation of the CBA. *See generally* Dkt. 23-5. Defendant Albertsons states that "the CBA expressly provides for what constitutes work periods and compensation for all hours worked," but argues that interpretation is necessary to determine if Plaintiff Alvarez's

claim is already covered in the CBA. *See* Dkt. 22 at 22 (citing Dkt. 23-5 at 19–21). Here. the CBA's sections regarding "Work Periods" and "Overtime and Premium Rates," and "Wage Scale and Job Classifications" provide generic provisions defining the work week length, shift lengths, basic wage rates, overtime rates, cost-of-living allowances, etc. *See* Dkt. 23-5 at 17–20. Provisions regarding Plaintiff Alvarez's claims of time spent in required security and bag checks, walking to and from checkpoints, or time spent setting up workstations are not addressed in the CBA. *See id.* Moreover, Defendant Albertsons does not identify any interpretive disputes about a specific CBA term that must be resolved to determine Plaintiff Alvarez's PAGA claim; for example, how interpretation is necessary or how a particular interpretation would affect the outcome of the claims. *See Renteria-Hinojosa*, 150 F.4th at 1090–91 (finding that conclusory arguments fail to establish that the claims are preempted). Should the Court need to "look to" the CBA further into litigation, doing so would not require substantial interpretation necessary to preempt Plaintiff Alvarez's claims. *See Lavidas*, 512 U.S. at 125. Therefore, the claim in this case does not require interpretation of a CBA provision. *See Cramer*, 255 F.3d at 693.

Accordingly, the Court concludes that Plaintiff Alvarez's claim is neither based on, nor substantially dependent upon, the CBA. Therefore, the claim is not preempted by Section 301 of the LMRA, and the Court does not have federal question jurisdiction.

**B.    Diversity Jurisdiction**

Next, the Court addresses whether it has diversity jurisdiction over Plaintiff Alvarez's PAGA claim. Defendant Albertsons asserts that "removal is proper because the parties are diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs." *See* Dkt. 1 at 12. Diversity jurisdiction is present where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. 28 U.S.C. §§ 1332, 1441. The Court addresses both requirements below.

1.    Diversity of Citizenship

Diversity jurisdiction requires complete diversity of citizenship, meaning that "the citizenship of each plaintiff [must be] different from that of each defendant." *See Hunter*

*v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)). A person is a citizen of the state where he is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is his or her permanent home, which is where he or she resides with the intention to remain or to which he or she intends to return. *See id.* (citing *Lew v. Moss*, 797 F.3d 747, 749 (9th Cir. 1986)). Whereas a corporation is a citizen of the state where it is incorporated and has its principal place of business. *See Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (citing 28 U.S.C. § 1332(c)).

In the Notice of Removal, Defendant Albertsons asserts that Plaintiff Alvarez is a citizen of California. *See* Dkt. 1 at 13. Defendant Albertsons is incorporated in Delaware and has its principal place of business in Idaho. *See id.* at 13. Therefore, Defendant Albertsons is a citizen of Delaware and Idaho. *See Breitman*, 37 F.3d at 564. Because Plaintiff Alvarez and Defendant Albertsons are citizens of different states, the diversity of citizenship requirement is satisfied.

### 2. Amount in Controversy

When an action is removed based on diversity, the removing party bears the burden of proving that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." *See* 28 U.S.C. § 1332(a). "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). Thus, "[t]he amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under shifting statutes.'" *Id.* at 415 (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)). The amount in controversy is assessed at the time of removal. *See id.* at 417. However, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis*, 627 F.3d at 400.

-12-

"If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (quoting 28 U.S.C. § 1442(c)(2)). If the plaintiff's complaint does not state an amount in controversy, the defendant may do so within their notice of removal. *See id.* at 84 (citing 28 U.S.C. § 1446(c)(2)(A)). A defendant's notice of removal "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See id.* at 89 (citing 28 U.S.C. § 1446(a)). If the plaintiff contests the defendant's allegation, then the defendant must prove by a preponderance of the evidence that the amount-in-controversy exceeds $75,000. *See id.* (citing 28 U.S.C. § 1446(c)(2)(B)).

Plaintiff Alvarez argues Defendant Albertsons fails to meet its burden because it improperly aggregates PAGA penalties to meet the amount in controversy threshold and fails to prove that the amount in controversy exceeds $75,000. *See* Dkt. 19-1 at 16–25. Defendant Albertsons opposes and argues that the amount in controversy is met and that PAGA penalties may be aggregated to include PAGA penalties pursuant to *Viking River Cruises, Inc. v. Morina*, 596 U.S. 639, 663 (2022). *See* Dkt. 22 at 12–20.

a)      Aggregation of PAGA Penalties

When calculating the amount in controversy, Defendant Albertsons aggregates the total PAGA penalties in controversy. *See* Dkt. 1 at 15–18. Defendant Albertsons argues that *Viking River Cruises* and *Kim v. Reins Int'l Cal., Inc.*, 9 Cal. 5th 73, 81 (2020), both reject the proposition in *Urbino* that PAGA actions involved duties owed to individual employees. *See id.* at 15; *see also Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1123 (9th Cir. 2013). Plaintiff Alvarez argues that neither decision alters or overturns *Urbino* and that the Ninth Circuit, in *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849–850 (9th Cir. 2020), reaffirmed the principle that PAGA penalties cannot be aggregated for amount in controversy. *See* Dkt. 19-1 at 16–17.

In *Urbino*, the Ninth Circuit addressed whether PAGA penalties could be aggregated to meet the $75,000 threshold for diversity jurisdiction. *See Urbino*, 726 F.3d at 1120. The

Court held that PAGA penalties could not be aggregated because "[e]ach employee suffers a unique injury—an injury that can be redressed without the involvement of other employees." *See Urbino*, 726 F.3d at 1122 (citing *Troy Bank v. G.A. Whitehead & Co.*, 222 U.S. 39, 40 (1911)). This proposition was affirmed by *Canela* when the Ninth Circuit held that the district court lacked subject matter jurisdiction because PAGA civil penalties could not be aggregated. *See Canela*, 971 F.3d at 849–50 (citing *Urbino*, 726 F.3d at 1121–23).

By contrast, in *Viking River Cruises*, the Court considered whether the Federal Arbitration Act "preempts a rule of California law that invalidates contractual waivers of the right to assert representative claims." *See Viking River Cruises*, 596 U.S. at 643. The Supreme Court clarified that all PAGA actions are representative because those claims are asserted in a representative capacity rather than an individual one. *See id.* at 648 (quoting *Kim*, 9 Cal. 5th at 87). However, there is a difference between "individual" PAGA claims, where the plaintiff was affected by the Labor Code violations, and the "representative" PAGA claims, where claims arise out of events involving other employees. *See id.* at 648–49. The Supreme Court held that PAGA actions can be divided into "individual" and "representative" when considering whether to compel arbitration. *See id.* at 662–63. If the "individual" claims are compelled to arbitration, then the named "representative" could lose standing to maintain the other representative claims. *See id.* at 663.

Consequently, *Viking River Cruises* does not abrogate or overrule *Urbino* or *Canela*. While both cases assert PAGA claims, the cases consider completely different legal issues. In fact, *Viking River Cruises* does not address federal jurisdiction, diversity, or aggregation rules. *See generally Viking River Cruises*, 596 U.S. at 639–63. Rather, *Viking River Cruises* contemplates how PAGA claims are structured and adjusted for arbitration. *Id.* Because the holding and rationale in both *Urbino* and *Canela* are unaffected by the Supreme Court's decision in *Viking River Cruises*, Defendant Albertsons may not aggregate PAGA penalties to meet the diversity jurisdictional threshold. *See Canela*, 971 F.3d at 849; *Urbino*, 726 F.3d at 1120.

-14-

b)      Calculation of Labor Code Violations

Plaintiff argues that Defendant Albertsons "improperly includes the LWDA's 65% share of PAGA civil penalties in calculating the amount in controversy." *See* Dkt. 19-1 at 24. In support, Plaintiff Alvarez contends that "[e]ven assuming the accuracy of [Defendant Albertsons's] highest estimate—$186,866—the required reduction brings the amount in controversy down to just $65,410.10." *See id.* Defendant Albertsons again argues that *Urbino* was abrogated by *Viking River Cruises* and that the Court should consider LWDA's 65% share and Plaintiff Alvarez's 35% penalty in calculating the amount in controversy. *See* Dkt. 22 at 16–17. Plaintiff Alvarez states that Ninth Circuit precedent affirms the principle that LWDA's 65% share of PAGA penalties must be excluded from the amount in controversy. *See* Dkt. 24 at 10 (citing *Canela*, 971 F.3d at 851–53).

As analyzed above, the Court rejects the proposition that *Urbino* was abrogated by *Viking River Cruises*. *Urbino* directly supports the conclusion that the LWDA's 65% share of PAGA penalties should not be aggregated with Plaintiff Alvarez's 35% share when calculating the amount in controversy. *See Urbino*, 726 F.3d at 1122. "The Court sees no logical reason for Courts to refuse to consider one portion of an award that the plaintiff will not recover (the other aggrieved employees' shares), but take into account another portion that the plaintiff will not recover (LWDA's share)." *Sloan v. IHG Mgmt. (Maryland) LLC*, Case No. CV 19-21-DMG (JCx), 2019 WL 1111191, at *2 (C.D. Cal. Mar. 11, 2019). This principle is consistent with holdings in this district. *See e.g., id.* (taking into consideration plaintiff's portion of the PAGA penalty); *Martinez*, 2025 WL 732350, at *5 (considering only Plaintiff's 35% pro-rate share of penalties under the reformed PAGA).

While the Court agrees that the LWDA's share must be excluded, the Court does not agree with Plaintiff Alvarez's calculation that the amount in controversy is $65,410.10. While Plaintiff Alvarez considers the highest number proffered by Defendant Albertsons, the $186,886 estimate includes both shares of PAGA penalties and Defendant Albertsons' estimate of attorney's fees. *See* Dkt. 22 at 18. The 65% reduction can only apply to the PAGA penalties. *See Urbino*, 726 F.3d at 1122. For this portion of the analysis, the Court

-15-

hypothetically considers Defendant Albertsons's estimate for these penalties as correct and the PAGA penalties total $36,886. *See* Dkt. 22 at 18. Therefore, LWDA's 65% share of these penalties would amount to $23,975.90 and Plaintiff Alvarez's 35% share would be $12,910.10. Thus, the Court considers only Plaintiff's share of $12,910.10 towards the amount in controversy.

Notably, this $12,910.10 is far below the $75,000 threshold for diversity jurisdiction. However, Defendant Albertsons argues that the attorney's fees, estimated at $75,000 to $150,000, should be considered for the amount in controversy. *See* Dkt. 22 at 17. Plaintiff Alvarez argues that the Ninth Circuit in *Urbino* and *Canela* limits the amount in controversy to Plaintiff Alvarez's pro-rata share. *See* Dkt. 19-1 at 22–23. In *Canela*, the Ninth Circuit included only plaintiff's pro-rata share of civil penalties and attorney's fees. *See Canela*, 971 F.3d at 850 (rejecting defendant's argument that over $1 million in attorney's fees could be included in the amount in controversy calculation). Even assuming Defendant Albertsons's high-end estimate for attorney's fees is accurate, in addition to considering Plaintiff Alvarez's pro-rata share, the $150,000 must be divided between the 815 Aggrieved Employees, which would result in Plaintiff Alvarez's pro-rata share of attorney's fees as $184.05. *See* Dkts. 19-1 at 23; 22 at 18. In sum, Plaintiff Alvarez's pro-rata share of attorney's fees and PAGA penalties yields a total of $13,094.15. Accordingly, the Court lacks diversity jurisdiction over this action based on the amount in controversy not reaching the $75,000 threshold.

## C.    Supplemental Jurisdiction

Next, the Court addresses whether removal was proper based on supplemental jurisdiction. In the Notice of Removal, Defendant Albertsons states that Plaintiff Alvarez's "claims are removable under 28 U.S.C. § 1441(c) and, pursuant to this Court's supplemental jurisdiction, under 28 U.S.C. § 1367." *See* Dkt. 1 at 10. Additionally, Defendant Albertsons argues that supplemental jurisdiction is proper because the Court has subject matter jurisdiction over the claims in *Alvarez I*. *See id.* at 11. Plaintiff Alvarez disagrees and asserts that "removal of this standalone PAGA action based on supplemental jurisdiction was improper." *See* Dkt. 19-2 at 27.

Removal is permitted where the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Section 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *See* 28 U.S.C. § 1367. Supplemental jurisdiction is meant to supplement; thus, it is not the same as original jurisdiction and cannot confer a right to removal. *See Sygenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2004) ("Ancillary jurisdiction, therefore, cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under § 1441."); *see also Renteria-Hinojosa*, 150 F.4th at 1086 ("Supplemental jurisdiction 'may only be invoked' under [28 U.S.C. § 1367(a)] 'when the district court has a hook of original jurisdiction.'" (quoting *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001))). In *Sygenta*, the Supreme Court expressly held that a district court's supplemental jurisdiction over a claim could not support removal. *See Sygenta*, 537 U.S. at 34.

Where, as here, a plaintiff files an action in state court without federal question or diversity jurisdiction, the original jurisdiction necessary to remove to federal court does not exist and the action cannot be removed. *See* 28 U.S.C. § 1441(a). And because § 1367 does not provide original jurisdiction, removal is improper even if the removed action is related to another action over which the federal district court has subject matter jurisdiction. *See Ogaz v. Honeywell International, Inc.*, Case No. ED CV 21-740-JFW(KKx), 2021 WL 2822400, at *4 (C.D. Cal. July 7, 2021) (remanding PAGA action to state court regardless of the related action for which the court had subject matter jurisdiction). Accordingly, because the Court does not have original jurisdiction over this action, supplemental jurisdiction is not a basis for removal and this action is due to be remanded.

**D.   Attorney's Fees for Removal**

Plaintiff Alvarez requests just costs and attorney's fees based on his claim that Defendant Albertsons lacked an objectively reasonable basis for removal. *See* Dkt. 19-1 at 27. In response, Defendant Albertsons argues that "[e]ven if the Court grants Plaintiff's

-17-

Motion to Remand, [Defendant Albertsons] removal was proper as it removed [this action] on the three separate legitimate grounds." *See* Dkt. 22 at 23.

A district court has discretion to award attorney's fees when it remands a case. *See* 28 U.S.C. § 1447(c) ("An order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal.") (emphasis added). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). When considering whether a reasonable basis existed for removal, courts consider whether the removing party's arguments are "clearly foreclosed" by relevant case law. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066–67 (9th Cir. 2008). However, "removal is not objectively unreasonable solely because the removing party's arguments lack merit." *See id.* at 1065.

Here, Defendant Albertsons removed this case claiming that jurisdiction was proper on "three separate legitimate grounds: (1) diversity jurisdiction; (2) federal question; and (3) supplemental jurisdiction." *See* Dkt. 22 at 23. While removing an action based on supplemental jurisdiction alone is unreasonable, the Court must consider whether there was any objective reasonable basis for removal. *See Martin*, 546 U.S. at 141; *see, e.g., Patel v. Del Taco, Inc.*, 446 F.3d 996, 999–1000 (9th Cir. 2006) (holding that removal based on supplemental jurisdiction is unreasonable). Plaintiff Alvarez contends that attorney's fees are appropriate because "Defendant nonetheless proceeded with removal without identifying a single CBA provision." *See* Dkt. 19-1 at 29. Plaintiff Alvarez's attorney, Christina A. Humphrey, declares that Plaintiff incurred $11,986.50 to file the Motion to Remand. *See* Dkt. 19-2. Although Defendant Albertsons' argument regarding whether *Viking River Cruises* abrogates *Urbino* did not prevail, the Court concludes it was an objectively reasonable argument. *See Lussier*, 518 F.3d at 1065.

Therefore, the Court exercises its discretion to decline Plaintiff's request for just costs and attorney's fees.

-18-

## V.   CONCLUSION

Accordingly, the Court lacks subject matter jurisdiction over this action and must remand this removed action. Thus, Plaintiff Alvarez's Motion to Remand is **GRANTED**. Dkt. 19. This action is **REMANDED** to the Superior Court of California, County of Orange, Case No. 30-2025-01486816-CU-OE-CXC. Defendant Albertsons' Motion for Consolidation is **DENIED AS MOOT**. Dkt. 11.

   **IT IS SO ORDERED.**

Dated: March 31, 2026

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE